

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

*610 Federal Plaza*
*Central Islip, New York 11722*

March 3, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:  *Silverio-Diaz v. Bondi, et al,* 26-cv-1205 (Bulsara, J.)

Dear Judge Bulsara:

This Office represents Respondents in the above-captioned case in which Petitioner Luis Silverio-Diaz ("Petitioner") filed a Petition for a writ of habeas corpus on March 2, 2026 challenging his detention by Immigration and Customs Enforcement ("ICE"). *See* Docket Entry ("DE") # 1. Respondents respectfully submit this letter pursuant to Your Honor's Order entered on March 2, 2026 requiring Respondents to "inform the Court of Petitioner's current location, and [to] include information about any other locations where Petitioner has been held and the dates of any transfers since his initial detention," and to respond to the Petition by March 3, 2026 at 5 p.m.

## Detention Background

As set forth in the attached declaration from ICE Deportation Officer, dated March 3, 2026, on May 23, 2023, Petitioner entered the United States without inspection at or near Lukeville, Arizona. On May 23, 2023, a U.S. Border Patrol Agent encountered the Petitioner near Lukeville, Arizona and determined that he had unlawfully entered the U.S. He was arrested and transported to the Tucson Coordination Center for further processing. There, the Petitioner stated that he is a citizen and national of Peru without the necessary legal documents to remain in the U.S. On May 25, 2023, the Petitioner was placed into removal proceedings with the issuance and service of a Notice to Appear ("NTA"), Form I-862, charging him as inadmissible pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). He was released from custody that day on his own recognizance and ordered to report to 26 Federal Plaza, NY within thirty days. On June 27, 2023, Petitioner reported to ICE at 26 Federal Plaza, NY, as required. On June 27, 2023, ICE filed the NTA dated May 25, 2023, with the Executive Office of Immigration Review ("EOIR"). On August 5, 2024, the Petitioner appeared at an initial hearing. The Petitioner admitted the allegations contained in the NTA and conceded the charge of removability. A merits hearing was scheduled for June 11, 2025.

On May 2, 2025, the Petitioner filed a motion to change venue to Georgia, stating that his new address was 3513 Regalwoods Drive, Doraville, Georgia 30340. On May 8, 2025, the Immigration Court granted Petitioner's motion and changed venue to Atlanta, Georgia. As a result, the merits hearing scheduled for June 11, 2025 was canceled. On May 23, 2025, the Immigration Court's order granting change of venue, which was mailed to Petitioner's new address, was returned to sender.

Petitioner was encountered by ICE officers on February 5, 2026 in Bay Shore, New York. ICE detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A). Petitioner was arrested pursuant to an I-200 Warrant of Arrest, transported to ICE's processing offices at 535 Federal Plaza and held there from approximately 11:49 a.m. to approximately 7:05 p.m. that day. He was then transferred to Nassau County Correctional Center ("NCCC") and held there until February 6, 2026. On February 6, 2026, Petitioner was transferred to Delaney Hall Detention Facility ("DHDF"). On February 13, 2026, Petitioner was transferred to Metropolitan Detention Center in Brooklyn, New York ("MDC"), where he remains detained.

On February 13, 2026, a Form I-830: Notice to EOIR: Alien Address was filed with the court indicating Petitioner's detention at MDC. Consequently, venue was changed to New York. On February 25, 2026, the Petitioner appeared for a master calendar hearing in New York. The Immigration Court sustained the charge of removability and the case was reset for a master calendar hearing on March 4, 2026, per the Petitioner's request for time to consult with an attorney.

Attached to the declaration are the Form I-200, Warrant of Arrest, dated February 5, 2026 and the Form I-862, Notice to Appear, dated May 25, 2023.

## Discussion Regarding the Merits of the Petition

The statutory basis for detaining Petitioner is 8 U.S.C. § 1225(b)(2)(A). The legal issues presented in the Petition concern whether Petitioner's detention violates his due process protections, and the statutory authority for ICE's detention of Petitioner. Petitioner principally seeks an order from this Court directing ICE to release him from detention. While reserving all rights, including the right to appeal, Respondents submit this letter in lieu of a formal responsive memorandum of law to conserve judicial and party resources, and to expedite the Court's consideration of this case, in light of this Court's decision on the principal legal issues in *Bonilla-Romero v. Bondi, et al.*, 26-cv-0796, Memorandum and Order entered February 13, 2026 (DE # 7)*,* and other matters, including, but not limited to, *Parada Cruz v. Noem, et al.*, No. 26-cv-1110, Memorandum and Order entered February 27, 2026 (DE # 7); *Magana v. Joyce, et. al*, No. 26-cv-835, Memorandum and Order entered February 13, 2026 (DE # 13); *Sandoval v. LaRocco, et al.*, No. 26-cv-00832, Memorandum and Order entered February 13, 2026 (DE # 10); *Rivera Orellana v. Noem, et al.*, No. 26-cv-0574, Memorandum and Order entered February 3, 2026 (DE # 7).

While Respondents respectfully disagree with the Court's decisions in its other matters, Respondents acknowledge that the facts of this case are similar to those in these other matters, insofar as Petitioner is a citizen of another country who entered the United States without inspection, who has not been admitted, who has been detained pursuant to 8 U.S.C. § 1225(b)(2)(A). However, Respondents respectfully submit that the facts here are more similar to

2

those in *Saamishvili v. Flanagan,* No. 25-cv-6178, 2026 WL 377574 (E.D.N.Y. Feb. 11, 2026) (Cogan, J.), in which petitioner was already in removal proceedings at the time of detention, as was Petitioner. *See Saamishvili*, 2026 WL 377574, at *1 ("[s]ince his unlawful entry, petitioner has been, and continues to be, subject to the mandatory detention requirement of Section 1225(b)(2)(A)"). *See also Garcia Lanza v. Noem, et al.*, No. 26-cv-0029 (Brown, J.), Memorandum and Order entered March 3, 2026 (DE #15), FN 9 (noting that in *Saamishvili*, ICE had commenced removal proceedings against petitioner upon his entry in the country). Accordingly, the Respondents adopt and incorporate the arguments in the Government's Memorandum of Law in *Saamishvili* (DE # 14, attached hereto).

Respondents note that a number of decisions in this Circuit have endorsed the Government's interpretation of the relevant statutory provisions, including the decision recently issued in *Saamishvili. See also Alvarado Quezada v. Francis,* No. 26-cv-387, 2026 WL 380711, at *4 (S.D.N.Y. Feb. 11, 2026) (Cronan, J.)*; Chen v. Almodovar, et al.*, No. 25-cv-8350, 2025 WL 3484855, at *7 (S.D.N.Y. Dec. 4, 2025) (Vyskocil, J.), notice of appeal filed; *Liang v. Almodovar*, No. 25-cv-9322, 2025 WL 3641512, at *4-11 (S.D.N.Y. Dec. 15, 2025) (Vyskocil, J.); *Chen v. Almodovar*, 25-cv-9670, 2026 WL 100761, at *8-9 (S.D.N.Y. Jan. 14, 2026) (Cronan, J.); *Weng v. Genalo et al.*, No. 25-cv-09595, 2026 WL 1194248, at *1 (S.D.N.Y. Jan. 25, 2026) (Rearden, J.) ("Having considered the statutory text and other relevant authorities, the undisputed facts of this case, and the parties' submissions and oral arguments, the Court concludes that Petitioner's detention is governed by Section 1225."); *Arana v. Arteta*, 26-cv-240, 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026) (Woods, J.). On February 6, 2026, the Court of Appeals for the Fifth Circuit, while not binding on this Court, held that the Government's interpretation of 8 U.S.C. § 1225 is correct. *Buenrostro-Mendez v. Bondi*, No. 25-20496, --- F. 4th --, 2026 WL 323330 (5th Cir. Feb. 6, 2026).[1]

As to Petitioner's APA claim, this statute is not the proper vehicle for Petitioner's claims arising out of his detention, which drives this suit. In *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025), in which claims including due process claims were brought under the APA, the INA and various habeas provisions, the Supreme Court held that where the claims for relief, as here, "necessarily imply the invalidity of their confinement," regardless of whether he requests release from confinement, those claims "fall within the 'core' of the writ of habeas corpus and must be brought in habeas." The Supreme Court's holding is consistent with well-established law that habeas is generally the only possible district court vehicle for challenges brought pursuant to immigration statutes. *Id.* (citing *Heikkila v. Barber*, 345 U.S. 229, 234-35 (1953)). All the claims in this suit constitute a core habeas claim — though they fail for the reasons discussed above—and are not cognizable under the INA or the APA. Further, by the APA's terms, it is available only for agency action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Thus, Petitioner's APA claims are independently barred by this limitation. As noted by Justice Kavanaugh's concurrence in *J.G.G.*, "given 5 U.S.C. § 704, which states that claims under the APA are not

---

[1] In addition to  pending appeals by petitioners regarding the denials of habeas petitions, the Government has affirmatively appealed the grant of a habeas petition in *Cunha v. Moniz*, 25-cv-6532 (W.D.N.Y. Nov. 25, 2025) (concluding, inter alia, that Section 1226(a), not Section 1225(b)(2)(A), applied), notice of appeal filed Dec. 11, 2025, No. 25-3141 (2d Cir.) The *Cunha* appeal is proceeding on an expedited track and is scheduled to be fully briefed by March 3, 2026.

3

available when there is another adequate remedy in court, I agree with the Court that habeas corpus, not the APA, is the proper vehicle here." *J.G.G.*, 604 U.S.at 674 (Kavanaugh, J. concurring). Here, as in *J.G.G.*, habeas is an "adequate remedy" through which Petitioner can challenge his detention.

Accordingly, for the reasons set forth above, the government respectfully submits that the Court deny this habeas petition. The government also respectfully submits that there is no need for a hearing and the petition may be decided on submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/ Megan Freismuth
Megan Freismuth
Assistant U.S. Attorney

Cc: Counsel of record by ECF

4