UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LUIS SILVERIO-DIAZ,

                Petitioner,

      v.                                **ORDER**
                                            26-CV-1205-SJB

PAM BONDI et al.,

                Respondents.

-----------------------------------------------------------------X
**BULSARA, United States District Judge:**

Petitioner Luis Silverio-Diaz ("Petitioner"), a citizen of Peru who has lived in the United States since May 2023, was arrested on February 5, 2026, by U.S. Immigration and Customs Enforcement ("ICE") officers. (Pet. for Writ of Habeas Corpus filed Mar. 2, 2026 ("Pet."), Dkt. No. 1 ¶¶ 1, 3; Resp'ts' Letter filed Mar. 3, 2026 ("Resp'ts' Letter"), Dkt. No. 5 at 2). Petitioner has not been issued a final order of removal, (*see* Decl. of Geraldo Paoli dated Mar. 3, 2026 ("Paoli Decl."), Dkt. No. 5-1 ¶ 17), and Respondents identify no criminal history associated with Petitioner. For the reasons explained below, the writ is provisionally granted.

The Government has filed an opposition to Petitioner's writ that suggests that the sole basis for Petitioner's detention is 8 U.S.C. § 1225, (Resp'ts' Letter at 2), despite the fact that Petitioner has been in the United States since 2023, (Pet. ¶ 1), and the ongoing pendency of removal proceedings (which are scheduled for another hearing in the future). The Government's position is that someone is subject to removal and detention under Section 1225(b)(2), as someone who is "seeking admission" to the United States, (Resp'ts' Letter at 2 (citing 8 U.S.C. § 1225(b)(2)(A)), notwithstanding that

they have been living here for months, if not years.  The vast majority of courts in this District have rejected this argument.  *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 490–91 (S.D.N.Y. 2025) ("[T]he line historically drawn between sections 1225 and 1226, which mak[es] sense of their text and the overall statutory scheme, is that section 1225 governs detention of non-citizens seeking admission into the country, whereas section 1226 governs detention of non-citizens already in the country. . . . This Court has similarly been unable to identify any authority to support Respondents' expansive interpretation of § 1225(b)." (quotations omitted)); *Padilla Molina v. DeLeon*, No. 25-CV-6526, 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) ("This Court agrees with Petitioner that he is detained subject to Section 1226, not Section 1225.  In so holding, the Court joins the hundreds of district court decisions that have rejected Respondents' expansive interpretation of Section 1225 as inconsistent with the plain text and overall structure of the INA.") (collecting cases); *Ulloa Montoya v. Bondi*, No. 25-CV-6363, 2025 WL 3718694, at *3 (E.D.N.Y. Dec. 23, 2025) (same); *Rodriguez-Acurio v. Almodovar*, -- F. Supp. 3d --, No. 25-CV-6065, 2025 WL 3314420, at *23 (E.D.N.Y. Nov. 28, 2025) ("[T]he administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed — has been challenged in at least 362 cases in federal district courts.  The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States." (quoting *Barco Mercado v. Francis*, -- F. Supp. 3d --, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025))).

Respondents submit that the Court can decide this matter on the submissions. (Resp'ts' Letter at 4).  The Court incorporates the reasoning of judges in this District and its sister courts and grants the writ—because at its core, detention under Section 1225 violates due process guarantees and is inapplicable and inappropriate for individuals who have lived in the United States as long as Petitioner has.  And the Court separately notes that the mandatory detention provisions of Section 1225 are inapplicable to individuals who are already in removal proceedings.  *See, e.g.*, *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 935 (N.D. Cal. 2025) ("Because Petitioners are currently in section 1229a proceedings, Petitioners cannot be simultaneously subjected to expedited removal proceedings undersection 1225(b)(1), and section 1225(b)(1)(B)'s mandatory detention provisions do not currently apply to them."), *appeal docketed*, No. 25-7472 (9th Cir. Nov. 26, 2025); *id.* at 936 ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a and released them on their own recognizance under Section 1226(a)."); *Valdez v. Joyce*, 803 F. Supp. 3d 213, 219 (S.D.N.Y. 2025) ("ICE cannot manipulate the removal proceedings in its favor by substituting expedited proceedings for immigration proceedings already in progress before the immigration court.  It is an abuse of process.").  If Respondents wish to detain someone like Petitioner, they would have to follow some other provision.  But here, they rely solely on Section 1225.

The writ is provisionally granted.  Respondents are directed to effectuate Petitioner's release by **March 4, 2026 at 9:00 A.M.** and file a letter on the docket

3

confirming Petitioner's release by that time.  Respondents are enjoined from detaining Petitioner absent further direction from this Court.  Respondents may not use ICE ankle monitors or similar technology to monitor Petitioner, because the Court has granted the writ, and is not resolving this petition on an intermediate basis by imposing bail conditions.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:   March 3, 2026
        Central Islip, New York

4